DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant, Ramone V. Bishop, appeals from his conviction and sentence for Felonious Assault. We affirm.
Rhonda Arroyo was preparing to fill a newspaper box in the area of West Market Street and North Pershing in Akron for her employer at approximately 5:30 a.m. on October 20, 1996, when Defendant put his right hand over her mouth and held a knife to her neck. Defendant told Ms. Arroyo to be quiet. Ms. Arroyo bit Defendant's right hand, started to scream, and tried to resist the attack. Defendant stabbed Ms. Arroyo approximately five times and then ran off. Two residents of this area of Akron observed Defendant running from the scene. Ms. Arroyo was taken to the hospital. She received twenty-one stitches in her hands and suffered a stab wound to her shoulder, a mark above her mouth, and a scrape on her face.
On November 26, 1997, Defendant was indicted for felonious assault, R.C. 2903.11 (A)(1) and (A)(2), a felony in the second degree. Defendant had previously been indicted for domestic violence and attempted murder. The domestic violence charge was severed from this case on April 14, 1997. After a three-day trial, a jury convicted Defendant of Felonious Assault, R.C.2903.11(A)(1) and (A)(2). On May 28, 1997, the trial court sentenced Defendant to eight years in prison.
Defendant timely appeals and raises one assignment of error.
 ASSIGNMENT OF ERROR
The conviction of defendant for felonious assault in this case is against the manifest weight of the evidence and should be reversed, and said conviction is in violation of defendant's rights as guaranteed to him by the Fifth, Sixth andFourteenth Amendments to the U.S. Constitution.
Defendant avers that the conviction is against the manifest weight of evidence for several reasons. He contends that the prosecution's witnesses' testimony regarding Defendant's height, weight, and facial hair was inconsistent with Defendant's height, weight, and facial hair at the time of the incident. Defendant testified that he is five feet, nine inches tall. He also stated that he had a beard and weighed approximately one hundred and eighty pounds at the time of the incident. Defendant further argues that Ms. Arroyo had too little time and was under too much stress to remember what Defendant looked like, and that the two witnesses who resided near the scene of the crime did not have enough time to observe Defendant. Defendant also points out that Ms. Arroyo was not one hundred percent positive of her photo identification of Defendant.
Defendant provided an alibi witness, Pamela Mills, for the time of day and date in question. Ms. Mills testified that Defendant was in her bed while she was sleeping at approximately 5:30 a.m. on October 20, 1996. Defendant presented witnesses who testified that Defendant injured his hand in a fight outside a bar on another day even though Defendant's name was not included in the police incident report for that fight.
In determining whether a conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v.Otten (1986), 33 Ohio App.3d 339, 340; State v. Martin (1983),20 Ohio App.3d 172, 175. R.C. 2903.11(A), felonious assault, provides the following:
No person shall knowingly:
(1) Cause serious physical harm to another * * *;
 (2) Cause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordinance, as defined in section 2923.11
of the Revised Code.
The prosecution presented the testimony of the victim, Ms. Arroyo, as well as the eyewitness testimony of two people who reside in the area where the crime was committed. The prosecution also submitted into evidence photographs of Defendant with marks on his right hand.
The victim, Ms. Arroyo, reported to the police that Defendant was approximately two hundred and ten pounds and approximately six feet tall. She identified Defendant in a photo array and at trial. Ms. Arroyo also identified Defendant's voice at the police station.
Beth O'Daniel was sleeping in her bedroom when she started to hear screams at approximately 5:30 a.m. on October 20, 1996. She got out of bed, looked out the window, and saw a man running past her first floor window. The man was two to three yards away. She looked at the man running by her window for ten to fifteen seconds. Ms. O'Daniel recognized the man as the man she had seen walking down her street a couple of weeks before this incident. Ms. O'Daniel identified Defendant in a photo array on October 30, 1996, and at the trial.
In a building right next to Ms. O'Daniel's residence, Brent Dansby was home watching television at approximately 5:30 a.m. on October 20, 1996, when he heard a woman scream. Mr. Dansby looked out his large picture window and saw a man running with a knife in his hand about five yards away. He looked at the man for six seconds. Mr. Dansby told the police that the man was thick through the middle, was approximately six feet tall, and had a slight beard. Mr. Dansby picked Defendant out of a photo array and identified him at trial.
Upon a review of the record, we find that the conviction was not against the manifest weight of evidence. Based on the evidence presented, we cannot conclude that the jury lost its way in convicting Defendant of Felonious Assault.
Defendant's assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _________________________________ LYNN C. SLABY, FOR THE COURT
QUILLIN, J.
REECE, J., CONCUR